## Henry Levy, Defendant in Error, v. Isaac Rosenblum, Plaintiff in Error.

### Gen. No. 15,594.

MUNICIPAL COURT—*when judgment not reversed.* A reversal of a judgment of the Municipal Court will not be ordered when it appears that substantial justice has been done.

Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed May 4, 1911.

BERNARD J. BROWN, for plaintiff in error.

HARRY H. LEVY, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The defendant in error, Henry Levy, sued the plaintiff in error, Isaac Rosenblum, in the Municipal Court of Chicago for professional services as a lawyer rendered by him to Rosenblum and for money lent by him to Rosenblum, and secured a verdict from a jury and a judgment by the court on the verdict for $61.

Neither the services nor the loan is denied in the argument here, but the plaintiff in error complains of the judgment because, as he says, there was a nonjoinder of plaintiffs below, inasmuch as one Leon Hornstein "jointly entered into the performance of services in connection with the case of Rosenblum v. Chicago Union Traction Company, and if the defendant (plaintiff in error) is liable at all, he is liable to the two attorneys."

On this ground he implies in his argument in this court he asked the trial judge to instruct the jury to find the issues for the defendant and moved the court after the verdict in arrest of judgment. The denial of this request and motion he assigns for error.

Levy v. Rosenblum, 161 Ill. App. 396.

There is no suggestion in the stenographic report of the evidence and proceedings in the Municipal Court that any such point of non-joinder was made in that court. The defendant Rosenblum contented himself with denying any contract for services and even that he ever had a suit against the Chicago Union Traction Co. or ever borrowed any money for costs. He said he never had any conversation about any case of his with Levy and Hornstein, although Mr. Hornstein had sworn to one in detail.

Counsel for plaintiff in error, however, bases his argument here on the testimony of Hornstein and of Levy himself, for the defendant in error. But that evidence is all consistent with the evident theory on which the plaintiff was prosecuting the claim, namely, that the contract for services and the arrangements about the loan were between Rosenblum and Levy, and that Hornstein was merely called in to assist Levy. The compensation of Hornstein in that case would come from Levy.

Hornstein testified that he said in an interview between himself and Levy and Rosenblum that if Levy saw fit to make such an arrangement as was proposed, he, Hornstein, would assist Levy, if he wanted, later on, and, repudiating the assumption contained in a question of defendant's counsel that "the agreement was that Rosenblum would pay him (Hornstein) one-third of the net proceeds of the suit," said, "That was not to me,—he made that arrangement with Levy."

We see no reason for disturbing the judgment of the Municipal Court, which is affirmed.

*Affirmed.*